DOUGLAS T. MURPHY,

       Plaintiff,

       v.                              Case No. 26-cv-0149-bhl

CHAPLAIN WALLACE,
FSA BUEGE,
A. KENNEDY,
A. SCHMIDT,
USTRUCK WETZEL,
E. WHELAN ROBINSON,
SGT RAINEY,
SGT BRAYCE,
S. JOHNSON, and
JAMES EDWARDS,

       Defendants.

## SCREENING ORDER

Plaintiff Douglas Murphy, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Murphy's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Murphy has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Murphy has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $11.41. Murphy's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Murphy asserts that in January 2024, while he was housed at the Milwaukee Secure Detention Facility, he completed the form provided by Chaplain Wallace to sign up for bagged meals during Ramadan. He states that on March 11, 2024, when Ramadan started, he did not receive a bagged meal. Murphy asserts that after sundown, he informed Officers James Edwards and Sgt. Rainey that he did not have any food that day and that he did not have any canteen. They told Murphy they would look into it, but they did not follow up with him. Murphy asserts that he

2

also submitted inmate requests to Wallace, "IUS" Whelan Robinson (Murphy does not explain what IUS stands for), and Food Service Administrator Buege.

Murphy asserts that, the next day, on March 12, 2024, he did not receive a bagged Ramadan meal. He again informed Edwards and Rainey. Rainey told Murphy that he was not on the list for Ramadan. Murphy asserts that he went a second day without food. Murphy asserts that he again contacted Wallace and Buege. Buege told him he was not on the list. On the third day of Ramadan, Murphy did not receive a bagged meal. He informed Sgt. Brayce who tried to contact the kitchen without success. Murphy asserts that he went a third day with no food. He states that he wrote an inmate complaint to Deputy Warden Ustruck Wetzel begging for help.

On March 14, 2024, the fourth day of Ramadan, Murphy was moved to the Brown County Jail for a court date. He states that, upon arrival, he informed the sheriff that he was observing Ramadan. The sheriff acknowledged him but from March 14 through March 18, 2024, he provided Murphy food during the day, rather than after sunset. Murphy explains that he could not accept the food without breaking the fast.

After midnight on March 19, 2024, Murphy returned to the Milwaukee Secure Detention Facility. He states that he received his first bagged meal before sunrise, which was the first time he had eaten food in more than a week. He states that, a couple of days later, on March 21, 2024, he received Ustruck Wetzel's response, which stated that she had forwarded his request to IUS Kennedy. Murphy asserts that he received another response from Buege, who again informed him he was not on the list. Murphy asserts that he submitted an inmate complaint about not receiving food for a week. Institution Complaint Examiner A. Schmidt recommended affirming the inmate complaint, and Warden Johnson accepted the recommendation. Office of the Secretary O'Donnell affirmed the appeal. Murphy explains that the stress of the situation made it difficult for him to concentrate on his prayers. He states that he no longer observes Ramadan because he is afraid of having to go without food again.

### THE COURT'S ANALYSIS

A plaintiff who alleges that prison officials unjustifiably placed a substantial burden on his religious beliefs states a claim under the First Amendment. *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). The Seventh Circuit has "repeatedly held that forcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Id.* (citing cases). Murphy states a First Amendment claim against Wallace, Edwards, Rainey, Robinson, Buege, and Brayce based

on allegations that they failed to acknowledge his properly submitted form requesting that he receive bagged meals during Ramadan and/or they failed to promptly correct the list once Murphy brought his erroneous omission from the list to their attention. It may be that their failure to provide him with bagged meals was due to negligence, which is not actionable under the Constitution, but further development of the record is necessary to resolve what these Defendants knew, when they knew it, and what their responsibilities were when they refused to provide Murphy with bagged meals for the first week of Ramadan.

Murphy does not, however, state a claim against these Defendants under the Religious Land Use and Institutionalized Persons Act (RLUIPA). "Sovereign immunity shields state officials from monetary damages in their official capacity under RLUIPA," and "RLUIPA does not allow suits against prison officials in their individual capacity." *Maddox v. Love*, 665 F.3d 709, 717 (7th Cir. 2011). Moreover, any claim for injunctive relief is moot because Murphy is no longer incarcerated at the Milwaukee Secure Detention Facility. *See id.*

Murphy also does not state an Eighth Amendment claim based on allegations that he was not given a bagged meal. The complaint implies that food was available to Murphy during the day at mealtimes, but Murphy declined to eat because he did not want to break his fast. The Court cannot reasonably infer that Defendants were deliberately indifferent to his need for food simply because they did not give Murphy meals at the time he wanted to receive them. As noted above, a refusal to provide Murphy food after sunset may violate Murphy's First Amendment rights, but Murphy had access to food during the day, and it was Murphy's decision not to eat the food that was available to him. *See Powell v. Raemisch*, Case No. 10-cv-202-bbc, 2010 WL 2429709 at *6-7 (W.D. Wis. June 11, 2010) ("Forcing a prisoner to choose between nutrition and his religious beliefs does not violate the Eighth Amendment . . . .").

Murphy also does not state a claim against Deputy Warden Ustruck Wetzel, who informed Murphy that she had forwarded his request to IUS Kennedy, the person at the prison who could resolve the issue. "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The Court cannot reasonably infer from Ustruck Wetzel's decision to forward Murphy's request to the appropriate person that she was responsible

for the violation of his rights. Nor does Murphy state a claim against IUS Kennedy, as he/she appears to have fixed the issue because Murphy began receiving bagged meals upon his return from the Brown County Jail.

Finally, Murphy does not state a claim against institution complaint examiner A. Schmidt or Warden James Edwards based on their handling of Murphy's inmate complaint. "Only persons who cause or participate in the violations are responsible," and resolving "an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007).

**IT IS THEREFORE ORDERED** that Murphy's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Murphy fails to state a claim against A. Kennedy, A. Schmidt, Ustruck Wetzel, and S. Johnson, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Murphy's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Chaplain Wallace, FSA Buege, E. Whelan Robinson, Sgt. Rainey, Sgt. Brayce, and James Edwards.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Chaplain Wallace, FSA Buege, E. Whelan Robinson, Sgt. Rainey, Sgt. Brayce, and James Edwards shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Murphy is located.

**IT IS FURTHER ORDERED** that the agency having custody of Murphy shall collect from his institution trust account the $338.59 balance of the filing fee by collecting monthly payments from Murphy's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Murphy is transferred to another institution, the transferring institution shall forward a copy of this Order along with Murphy's remaining balance to the receiving institution.

5

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Murphy is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 10th day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6